82 A.3d 936

IN THE MATTER OF MITCHEL TARTER, AN ATTORNEY AT LAW.

January 16, 2014.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 13–095, concluding that **MITCHEL TARTER** of **METUCHEN**, who was admitted to the bar of this State in 2003, and who has been suspended from the practice of law since May 1, 2013, should be suspended from practice for a period of three months for his violation of *RPC* 1.1(a) (gross neglect) and multiple violations of *RPC* 1.1(b) (pattern of neglect), *RPC* 1.3 (lack of

diligence), and *RPC* 1.16(a)(2)(d) (failure to withdraw from or to decline representation and failure to properly terminate representation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to refund any unearned fees received and to demonstrate that he is fit to practice law;

And good cause appearing;

It is ORDERED that **MITCHEL TARTER** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that **MITCHEL TARTER** shall remain suspended from the practice of law pending his compliance with the determination of the District VIII Fee Arbitration Committee in Docket No. VIII–2011–0049F, and until the further order of the Court; and it is further

ORDERED that **MITCHEL TARTER** shall refund any unearned fees received from Donald Ventrice, Thomas B. Bacon, Paola Driscoll, and Eduardo Posada prior to his reinstatement to practice; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof to the Office of Attorney Ethics of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and it further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC*

8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent shall reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.